O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN L. MENDEZ, | ) Case No. CV 11-4736-JFW (DTB) |
| Plaintiff, | ) |
| | ) |
| | ) ORDER SUMMARILY DISMISSING |
| vs. | ) ACTION |
| | ) |
| THE HONORABLE | ) |
| RAMPART, P.D., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, a prisoner currently incarcerated at the James T. Vaughn Correctional Center located in Smyrna, Delaware, lodged for filing a pro se complaint herein on June 2, 2011. Plaintiff's Complaint was handwritten and was not submitted on the Central District of California's Civil Rights Complaint form (CV-66). Plaintiff failed to pay the filing fee or file with the Court a request to proceed in forma pauperis. As such, on July 13, 2011, the Court issued an Order re Leave to File Action Without Prepayment of Filing Fee wherein the Court denied plaintiff in forma pauperis status due to plaintiff's failure to adequately demonstrate indigency and for failing to authorize disbursements from his prison trust account for payment of the filing fee, and dismissed the Complaint with leave to amend. Thereafter, on August 1, 2011, plaintiff filed an inmate trust account statement. On August 8, 2011, the Court

1

1  granted plaintiff leave to proceed in forma pauperis.  Plaintiff's handwritten

2  Complaint was filed in this action on August 8, 2011.  As plaintiff's Complaint was

3  not submitted on the approved Central District Civil Rights Complaint form, plaintiff

4  did not provide the Court with his previous federal lawsuit history.  In accordance

5  with the terms of the "Prison Litigation Reform Act of 1995," the Court screened the

6  Complaint prior to ordering service, for purposes of determining whether the action

7  was frivolous or malicious; or failed to state a claim on which relief might be granted;

8  or sought monetary relief against a defendant who was immune from such relief.  See

9  28 U.S.C. §§ 1915(e)(2), 1915A(b).  On August 11, 2011, the Court struck the filing

10 of the Complaint from the docket and reminded plaintiff that his Complaint was

11 previously dismissed with leave to amend.  The Court further issued an Order *sua*

12 *sponte* extending plaintiff's time up to and including September 30, 2011, to file his

13 First Amended Complaint. In the meantime, plaintiff submitted correspondence to

14 Court requesting an extension of time which the Court granted.  Plaintiff's First

15 Amended Complaint was due on or before October 14, 2011.  Plaintiff failed to file

16 his First Amended Complaint within the allotted time, nor did he request an extension

17 of time within which to do so.  On November 1, 2011, the Court issued an Order to

18 Show Cause ordering plaintiff to show cause as to why the Court should not order the

19 action dismissed due to his failure to timely file his First Amended Complaint.

20 Plaintiff failed to timely file a response to the Order to Show Cause, and did not

21 request an extension of time within which to do so. However, on December 12, 2011,

22 in Case No. CV11-4934-JFW (DTB), which is also pending before this Court,[1]

23 plaintiff filed a document entitled "Notice of Filing" wherein he attached

24 correspondence and docket sheets referencing seven cases he had previously filed in

25 / / /

26

27     [1]     Plaintiff currently has 9 cases pending in this District, and in each
28 case, plaintiff states his inmate identification number as 453351.

1  other various United States District Courts, including the Districts of Utah, Iowa,
2  Arizona, Idaho, Alaska, South Dakota and Texas.

3      Pursuant to the Prison Litigation Reform Act, a prisoner shall not be authorized
4  pursuant to 28 U.S.C. § 1915(a)(1) to commence an action or proceeding without
5  payment of the full filing fee if such prisoner "has, on 3 or more prior occasions, while
6  incarcerated or detained in any facility, brought an action . . . that
7  was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
8  upon which relief may be granted."  28 U.S.C. § 1915(g).

9      Thereafter, on December 27, 2011, the Court issued an Order to Show Cause
10  ("OSC") ordering plaintiff to show cause as to why the order granting him in forma
11  pauperis status in this matter should not be vacated, and that the action be dismissed
12  without prejudice pending payment of the full filing fee of $350.00, in light of the
13  information regarding plaintiff's prior "strikes" under 28 U.S.C. § 1915(g).

14      The Court informed plaintiff in the OSC that it had ascertained that plaintiff had
15  previously filed numerous federal lawsuits in a variety of federal judicial districts, and
16  that, in at least five (5) of these prior cases, courts had dismissed plaintiff's actions on
17  the grounds that the complaints were frivolous, malicious, or failed to state a claim
18  upon which relief may be granted.  Specifically, the Court noted  the following: (1)
19  In Mendez v. United States Justice System, 04-CV-898-JJF (D. Del. March 30, 2005
20  Order) the action was dismissed after the court found that the complaint was frivolous;
21  (2) in Mendez v. James T. Vaughn Correctional Center, 05-CV-303-JJF (D. Del., Dec.
22  1, 2005 Order) the action was dismissed after the court found plaintiff could not state
23  a claim and noted that plaintiff's allegations were "vague, unspecified and rise to the
24  level of the wholly irrational"; (3) in Mendez v. Delaware Legal System, 05-CV- 304-
25  JJF (D. Del., Dec. 1, 2005 Order) the court dismissed the action after finding plaintiff
26  could not state a claim and noted that "plaintiff's allegations are nonsensical"; (4) in
27  Mendez v. Delaware State, 05-CV-305-JFF (D. Del., Dec. 1, 2005 Order) the court
28  dismissed the action after finding plaintiff could not state a claim; and (5) in Mendez

3

1  <u>v. Delaware Psychiatric Center</u>, 05-CV-306-JJF (D. Del., Dec. 1, 2005 Order) the

2  court dismissed the action after finding that plaintiff could not state a claim.  <u>See also</u>

3  <u>Mendez v. Kemp</u>, 08-CV-443-JJF (D. Del. July 30, 2009 Order) (citing four of

4  plaintiff's previous cases as strikes pursuant to 28 U.S.C. § 1915(g) and dismissing

5  case pursuant to § 1915(g)); <u>see also</u> <u>Mendez v. One of the Connected Wired</u>

6  <u>Members of this Criminal Organization</u>, 10- CV-142-JP (E.D. Pa. Jan. 22, 2010

7  Order) (same).  In each of the cases cited herein, plaintiff alleged that he was

8  incarcerated at the time the action was filed.    The Court attached as exhibits to the

9  OSC copies of the orders of dismissals from each of the above-referenced cases.

10        On January 25, 2012 plaintiff filed his Response to the OSC.  The Response

11  was virtually impossible to decipher, and essentially failed to address the facts raised

12  by the Court in the OSC.  For example, plaintiff stated "I need these documents and

13  information requested on my complaint for I am talking about the lives of any and all

14  of the innocent Old White American Cowgirls and Cowboys . . . I'm hoping . . . that

15  is enough cause. . . ." (Response at 1.)  Plaintiff attached to his Response the Court's

16  OSC along with the exhibits thereto showing the five prior cases which were

17  dismissed pursuant to 28 U.S.C. § 1915(g).

18        The Court, after reviewing plaintiff's Response and finds that plaintiff had

19  failed to show cause as to why his in forma pauperis status in this matter should not

20  be revoked pursuant to §1915(g), as plaintiff has had, on at least five prior occasions,

21  while incarcerated, brought an action that was dismissed on the grounds that it was

22  frivolous or because it failed to state a claim upon which relief could be granted.

23  Accordingly, in an order dated February 1, 2012, the Chief District Judge revoked

24  plaintiff's in forma pauperis status, and ordered him to pay the full filing fee of

25  $350.00 on or before February 10, 2012.  Plaintiff was admonished that his failure to

26  pay the full $350.00 filing fee by February 10, 2012, could result in this action being

27  dismissed without prejudice pending payment of the full filing fee.

28        As plaintiff has failed to pay the full filing fee of $350.00, within the time

1   allotted, the Court hereby DISMISSES this action, without prejudice, pending

2   payment of the full filing fee.

3        LET JUDGMENT BE ENTERED ACCORDINGLY.

4

5   DATED:  March 5, 2012

                         JOHN F. WALTER

6                               UNITED STATES DISTRICT JUDGE

7

8

  Presented by:

9

10

11   David T. Bristow
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28